IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VERONICA CANAZAS

    Plaintiff,

v.                                      Civil Action No. 3:11CV033

ACXIOM CORPORATION, *et al.,*

    Defendants.

## ACXIOM CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Acxiom Corporation ("Acxiom" or "Defendant"), by counsel, for its Answer to the Complaint (the "Complaint") filed by Plaintiff, Veronica Canazas ("Plaintiff"), states as follows:

### PRELIMINARY STATEMENT

1.    Acxiom admits that Plaintiff purports to bring claims against Acxiom pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.  This is a legal conclusion that is not subject to denial or admission.  Acxiom denies that it is liable to Plaintiff for the requested relief under the FCRA, or for any other relief whatsoever.

### JURISDICTION AND VENUE

2.    Acxiom admits that Plaintiff has alleged jurisdiction based on FCRA § 1681(p) and 28 U.S.C. §§ 1331, and that venue is proper but denies that Plaintiff has stated a claim upon which relief can be granted.  These are legal conclusions which are not subject to denial or admission.

3.    Acxiom specifically denies that its registered agent is located within the Eastern District of Virginia, Richmond Division.  Otherwise, Acxiom lacks knowledge sufficient to form

a belief as to the truth of the allegations in paragraph 3 and therefore denies, generally and specifically, each and every allegation contained therein.

## PARTIES

4.   Acxiom is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and on that basis, denies, generally and specifically, each and every allegation therein.

5.   The allegation in paragraph 5 calls for a legal conclusion which is not subject to denial or admission.  Except as otherwise admitted, Acxiom denies, generally and specifically, each and every allegation directed against it in paragraph 5.

6.   Acxiom denies, generally and specifically, each and every allegation directed against it in paragraph 6.

7.   Acxiom denies, generally and specifically, each and every allegation directed against it in paragraph 7.

8.   Acxiom denies, generally and specifically, each and every allegation directed against it in paragraph 8.

9.   In paragraph 9, Plaintiff has not made allegations against Acxiom to which a response is necessary.  To the extent the paragraph does contain allegations against Acxiom, Acxiom denies, generally and specifically, each and every allegation contained therein.

10.   In paragraph 10, Plaintiff has not made allegations against Acxiom to which a response is necessary.  To the extent the paragraph does contain allegations against Acxiom, Acxiom denies, generally and specifically, each and every allegation contained therein.

11.   In paragraph 11, Plaintiff has not made allegations against Acxiom to which a response is necessary.  To the extent the paragraph does contain allegations against Acxiom, Acxiom denies, generally and specifically, each and every allegation contained therein.

2044020v1 239722.000002

- 3 -

## FACTS

12. Acxiom denies, generally and specifically, each and every allegation directed against it in paragraph 12.

13. Acxiom is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and on that basis, denies, generally and specifically, each and every allegation therein.

14. Acxiom is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and on that basis, denies, generally and specifically, each and every allegation therein.

15. Acxiom denies, generally and specifically, each and every allegation directed against it in paragraph 15.

16. Acxiom denies, generally and specifically, each and every allegation directed against it in paragraph 16.

17. In paragraph 17, Plaintiff has not made allegations against Acxiom to which a response is necessary. To the extent the paragraph does contain allegations against Acxiom, Acxiom denies, generally and specifically, each and every allegation contained therein.

18. In paragraph 18, Plaintiff has not made allegations against Acxiom to which a response is necessary. To the extent the paragraph does contain allegations against Acxiom, Acxiom denies, generally and specifically, each and every allegation contained therein.

## COUNT ONE:  FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b)

19. Acxiom incorporates by reference its answers to paragraphs 1 through 18 above.

20. Acxiom denies, generally and specifically, each and every allegation directed against it in paragraph 20.

21. Acxiom denies, generally and specifically, each and every allegation directed against it in paragraph 21.

22. Acxiom denies, generally and specifically, each and every allegation directed against it in paragraph 22.

23. Acxiom denies, generally and specifically, each and every allegation directed against it in paragraph 23.

**COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681i(a)
(Trans Union)**

24. Acxiom incorporates by reference its answers to paragraphs 1 through 23 above.

25. In paragraph 25, Plaintiff has not made allegations against Acxiom to which a response is necessary. To the extent the paragraph does contain allegations against Acxiom, Acxiom denies, generally and specifically, each and every allegation contained therein.

26. In paragraph 26, Plaintiff has not made allegations against Acxiom to which a response is necessary. To the extent the paragraph does contain allegations against Acxiom, Acxiom denies, generally and specifically, each and every allegation contained therein.

27. In paragraph 27, Plaintiff has not made allegations against Acxiom to which a response is necessary. To the extent the paragraph does contain allegations against Acxiom, Acxiom denies, generally and specifically, each and every allegation contained therein.

28. In paragraph 28, Plaintiff has not made allegations against Acxiom to which a response is necessary. To the extent the paragraph does contain allegations against Acxiom, Acxiom denies, generally and specifically, each and every allegation contained therein.

29. In regard to the "WHEREFORE" clause immediately following paragraph 29 of the Complaint, Acxiom denies all allegations contained therein, denies that Plaintiff sustained

2044020v1 239722.000002

any actual or compensable damages and denies that the Plaintiff is entitled to any relief whatsoever.

30. Acxiom denies each and every allegation contained in the Complaint that is not expressly admitted herein.

### FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs claims against Acxiom fail to the extent they are barred the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate her alleged damages.

### THIRD AFFIRMATIVE DEFENSE
### (Set-Off/Recoupment)

Plaintiff's recovery against Acxiom is barred, in whole or in part, under the principles of set-off and recoupment to the extent that Plaintiff receives damages or settlement amounts from others.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Acxiom and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Acxiom.

2044020v1 239722.000002

### FIFTH AFFIRMATIVE DEFENSE
### (Truth/Accuracy of Information)

Acxiom is not liable for information communicated to any third person regarding Plaintiff that was true.

### SIXTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Acxiom is not liable to Plaintiff for damages that were the direct and proximate result of the conduct of Plaintiff or others.

### SEVENTH AFFIRMATIVE DEFENSE
### (Intervening Superseding Cause)

Acxiom is not liable to Plaintiff for damages that were the direct and proximate result of an independent, intervening cause.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Join Necessary and Indispensable Parties)

Plaintiff's claims fail, in whole or in part, to the extent Plaintiff failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19.

### NINTH AFFIRMATIVE DEFENSE
### (Good Faith )

Acxiom has no obligations under the Fair Credit Reporting Act.

### TENTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiff's claim for punitive damages fails to the extent that the Complaint fails to state claim or allege sufficient facts for relief for punitive damages. Additionally, punitive damages may not be awarded against Acxiom to the extent such an award or the amount of such an award

would violate its constitutional rights under the Constitution of the United States of America or the Constitution of Virginia.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Right to Assert Additional Defenses)**

Acxiom reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Acxiom Corporation, by counsel, prays as follows:

1) That Plaintiff takes nothing by virtue of the Complaint and that Defendant Acxiom Corporation be dismissed and discharged without liability;

2) For costs of suit and attorneys' fees herein incurred; and

3) For such other and further relief as the Court may deem just and proper.

**ACXIOM CORPORATION**

By /s/      David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Attorney for Defendant Acxiom Corporation
and Acxiom Information Security Services, Inc.*
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone:  (804) 697-5410
Facsimile:  (804) 698-5118
Email:  david.anthony@troutmansanders.com

2044020v1 239722.000002

- 8 -

Alan D. Wingfield
Virginia State Bar No. 27489
*Attorney for Defendant Acxiom Corporation
and Acxiom Information Security Services, Inc.*
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone:  (804) 697-1350
Facsimile:  (804) 697-1339
Email:  alan.wingfield@troutmansanders.com

Jimmy F. Robinson, Jr.
Virginia State Bar No. 43622
*Attorney for Defendant Acxiom Corporation
and Acxiom Information Security Services. Inc.*
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone:  (804) 697-1211
Facsimile:  (804) 698-6029
Email:  jimmy.robinson@troutmansanders.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 18th day of April, 2011, I electronically filed the foregoing Answer and Affirmative Defenses of Defendant Acxiom Corporation with the Clerk of the court using the CM/ECF system which will send notification of such filing to all counsel or record:

      Dale W. Pittman, Esq. VSB No. 15673
      THE LAW OFFICE OF DALE W. PITTMAN, P.C.
      The Eliza Spotswood House
      112-A West Tabb Street
      Petersburg, Virginia 23803
      (804) 861-6000-phone
      (804) 861-3368-fax
      dale@pittmanlawoffice.com
      *Counsel for Plaintiff*

      Leonard A. Bennett, Esq. VSB No. 37523
      Consumer Litigation Associates, P.C.
      12515 Warwick Boulevard, Suite 100
      Newport News, Virginia 23606
      (757) 930-3660 – phone
      (757) 930-3662 – fax
      lenbennett@clalegal.com
      *Co-Counsel for Plaintiff*

      Kristi Cahoon Kelly, Esq., VSB No. 72791
      SUROVELL MARKLE ISAACS & LEVY PLC
      4010 University Drive, 2nd Floor
      Fairfax, VA  22030
      (703) 277-9774 – phone
      (703) 591-9285 – fax
      kcahoon@smillaw.com
      *Co-Counsel for Plaintiff*

      By  /s/   David N. Anthony
      David N. Anthony
      Virginia State Bar No. 31696
      *Attorney for Defendant Acxiom Corporation and Acxiom Information Security Services, Inc.*
      TROUTMAN SANDERS, LLP
      1001 Haxall Point
      Richmond, Virginia  23219
      Telephone:  (804) 697-5410
      Facsimile:  (804) 698-5118
      Email:  david.anthony@troutmansanders.com