IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VERONICA CANAZAS

      Plaintiff,

v.                                        Civil Action No. <u>3:11CV033</u>

ACXIOM CORPORATION, *et al.,*

      Defendants.

## ACXIOM INFORMATION SECURITY SERVICES' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Acxiom Information Security Services, Inc. ("AISS" or "Defendant"), incorrectly named in the Complaint as Acxiom Information Security Services, by counsel, for its Answer to the Complaint (the "Complaint") filed by Plaintiff, Veronica Canazas ("Plaintiff"), states as follows:

### PRELIMINARY STATEMENT

1.     AISS admits that Plaintiff purports to bring claims against AISS pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 <u>et seq.</u>  This is a legal conclusion that is not subject to denial or admission.  AISS denies that it is liable to Plaintiff for the requested relief under the FCRA, or for any other relief whatsoever.

### JURISDICTION AND VENUE

2.     AISS admits that Plaintiff has alleged jurisdiction based on FCRA § 1681(p) and 28 U.S.C. §§ 1331, and that venue is proper but denies that Plaintiff has stated a claim upon which relief can be granted.  These are legal conclusions which are not subject to denial or admission.

3.      AISS specifically denies that its registered agent is located within the Eastern District of Virginia, Richmond Division.  Otherwise, AISS lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies, generally and specifically, each and every allegation contained therein.

## PARTIES

4.      AISS is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and on that basis, denies, generally and specifically, each and every allegation therein.

5.      The allegation in paragraph 5 calls for a legal conclusion which is not subject to denial or admission.  Except as otherwise admitted, AISS denies, generally and specifically, each and every allegation directed against it in paragraph 5.

6.      AISS denies, generally and specifically, each and every allegation directed against it in paragraph 6.

7.      AISS denies, generally and specifically, each and every allegation directed against it in paragraph 7.

8.      AISS admits that it provides consumer reports for employment purposes to certain customers, most often for compensation.  Except as otherwise admitted AISS, denies, generally and specifically, each and every allegation directed against it in paragraph 8.

9.      In paragraph 9, Plaintiff has not made allegations against AISS to which a response is necessary.  To the extent the paragraph does contain allegations against AISS, AISS denies, generally and specifically, each and every allegation contained therein.

10.     In paragraph 10, Plaintiff has not made allegations against AISS to which a response is necessary.  To the extent the paragraph does contain allegations against AISS, AISS denies, generally and specifically, each and every allegation contained therein.

- 2 -

11.     In paragraph 11, Plaintiff has not made allegations against AISS to which a response is necessary.  To the extent the paragraph does contain allegations against AISS, AISS denies, generally and specifically, each and every allegation contained therein.

## FACTS

12.     AISS admits that it provided a consumer report for employment purposes regarding Plaintiff to Navy Federal Credit Union around January 14, 2009.  Except as otherwise admitted AISS, denies, generally and specifically, each and every allegation directed against it in paragraph 12.

13.     AISS is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and on that basis, denies, generally and specifically, each and every allegation therein.

14.     AISS is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and on that basis, denies, generally and specifically, each and every allegation therein.

15.     AISS admits that it provided a consumer report for employment purposes regarding Plaintiff to Navy Federal Credit Union around January 14, 2009 and that the report contained inaccuracies.  Except as otherwise admitted AISS, denies, generally and specifically, each and every allegation directed against it in paragraph 15.

16.     AISS denies, generally and specifically, each and every allegation directed against it in paragraph 16.

17.     In paragraph 17, Plaintiff has not made allegations against AISS to which a response is necessary.  To the extent the paragraph does contain allegations against AISS, AISS denies, generally and specifically, each and every allegation contained therein.

18.     In paragraph 18, Plaintiff has not made allegations against AISS to which a response is necessary.  To the extent the paragraph does contain allegations against AISS, AISS denies, generally and specifically, each and every allegation contained therein.

## COUNT ONE:  FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)

19.     AISS incorporates by reference its answers to paragraphs 1 through 18 above.

20.     AISS denies, generally and specifically, each and every allegation directed against it in paragraph 20.

21.     AISS denies, generally and specifically, each and every allegation directed against it in paragraph 21.

22.     AISS denies, generally and specifically, each and every allegation directed against it in paragraph 22.

23.     AISS denies, generally and specifically, each and every allegation directed against it in paragraph 23.

## COUNT TWO:  VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)
### (Trans Union)

24.     AISS incorporates by reference its answers to paragraphs 1 through 23 above.

25.     In paragraph 25, Plaintiff has not made allegations against AISS to which a response is necessary.  To the extent the paragraph does contain allegations against AISS, AISS denies, generally and specifically, each and every allegation contained therein.

26.     In paragraph 26, Plaintiff has not made allegations against AISS to which a response is necessary.  To the extent the paragraph does contain allegations against AISS, AISS denies, generally and specifically, each and every allegation contained therein.

27.     In paragraph 27, Plaintiff has not made allegations against AISS to which a response is necessary.  To the extent the paragraph does contain allegations against AISS, AISS denies, generally and specifically, each and every allegation contained therein.

28.     In paragraph 28, Plaintiff has not made allegations against AISS to which a response is necessary.  To the extent the paragraph does contain allegations against AISS, AISS denies, generally and specifically, each and every allegation contained therein.

29.     In regard to the "WHEREFORE" clause immediately following paragraph 29 of the Complaint, AISS denies all allegations contained therein, denies that Plaintiff sustained any actual or compensable damages and denies that the Plaintiff is entitled to any relief whatsoever.

30.     AISS denies each and every allegation contained in the Complaint that is not expressly admitted herein.

## FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs claims against AISS fail to the extent they are barred the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate her alleged damages.

## THIRD AFFIRMATIVE DEFENSE
### (Set-Off/Recoupment)

Plaintiff's recovery against AISS is barred, in whole or in part, under the principles of set-off and recoupment to the extent that Plaintiff receives damages or settlement amounts from others.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against AISS and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from AISS.

## FIFTH AFFIRMATIVE DEFENSE
### (Truth/Accuracy of Information)

AISS is not liable for information communicated to any third person regarding Plaintiff that was true.

## SIXTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

AISS is not liable to Plaintiff for damages that were the direct and proximate result of the conduct of Plaintiff or others.

## SEVENTH AFFIRMATIVE DEFENSE
### (Intervening Superseding Cause)

AISS is not liable to Plaintiff for damages that were the direct and proximate result of an independent, intervening cause.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Join Necessary and Indispensable Parties)

Plaintiff's claims fail, in whole or in part, to the extent Plaintiff failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19.

## NINTH AFFIRMATIVE DEFENSE
### (Good Faith )

AISS acted in good faith in complying with its obligations under the Fair Credit Reporting Act.

2044227v1 239722.000002

## TENTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiff's claim for punitive damages fails to the extent that the Complaint fails to state claim or allege sufficient facts for relief for punitive damages.  Additionally, punitive damages may not be awarded against AISS to the extent such an award or the amount of such an award would violate its constitutional rights under the Constitution of the United States of America or the Constitution of Virginia.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

AISS reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Acxiom Information Security Services, Inc., by counsel, prays as follows:

1)      That Plaintiff takes nothing by virtue of the Complaint and that Defendant Acxiom Information Security Services, Inc., be dismissed and discharged without liability;

2)      For costs of suit and attorneys' fees herein incurred; and

3)      For such other and further relief as the Court may deem just and proper.

2044227v1 239722.000002

**ACXIOM INFORMATION SECURITY SERVICES, INC.**


By /s/        David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Attorney for Defendants Acxiom Corporation*
*and Acxiom Information Security Services, Inc..*
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone:  (804) 697-5410
Facsimile: (804) 698-5118
Email:  david.anthony@troutmansanders.com

Alan D. Wingfield
Virginia State Bar No. 27489
*Attorney for Defendants Acxiom Corporation*
*and Acxiom Information Security Services, Inc.*
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone:  (804) 697-1350
Facsimile: (804) 697-1339
Email:  alan.wingfield@troutmansanders.com

Jimmy F. Robinson, Jr.
Virginia State Bar No. 43622
*Attorney for Defendants Acxiom Corporation*
*and Acxiom Information Security Services, Inc.*
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone:  (804) 697-1211
Facsimile: (804) 698-6029
Email:  jimmy.robinson@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2011, I electronically filed the foregoing Answer and Affirmative Defenses of Defendant Acxiom Information Security Services, Inc., with the Clerk of the court using the CM/ECF system which will send notification of such filing to all Counsel of record:

Dale W. Pittman, Esq. VSB No. 15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, Virginia 23803
(804) 861-6000-phone
(804) 861-3368-fax
dale@pittmanlawoffice.com
*Counsel for Plaintiff*

Leonard A. Bennett, Esq. VSB No. 37523
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 – phone
(757) 930-3662 – fax
lenbennett@clalegal.com
*Co-Counsel for Plaintiff*

Kristi Cahoon Kelly, Esq., VSB No. 72791
SUROVELL MARKLE ISAACS & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA  22030
(703) 277-9774 – phone
(703) 591-9285 – fax
kcahoon@smillaw.com
*Co-Counsel for Plaintiff*

By ___/s/___   David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Attorney for Defendants Acxiom Corporation*
*and Acxiom Information Security Services, Inc..*
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone:  (804) 697-5410
Facsimile:  (804) 698-5118
Email:  david.anthony@troutmansanders.com